PER CURIAM OPINION
{¶ 1} Appellant, Ronald Dudas, appeals the judgment of the Lake County Court of Common Pleas, dated September 26, 2007, denying his "motion to compel court to make Golics return all property." For the reasons that follow, we affirm.
 {¶ 2} This court affirmed appellant's conviction in State v.Dudas, 11th Dist. Nos. 2006-L-267 and 2006-L-268, 2007-Ohio-6739, discretionary appeal not allowed, 117 Ohio St.3d 1458, 2008-Ohio-1635
("Dudas I"). That conviction was based on appellant's guilty plea in Lake County Court of Common Pleas Case No. 06CR000560 *Page 2 
("the murder conspiracy case"), consolidated in the trial court with Case No. 06CR000700 ("the corrupt activity case"). Appellant entered his guilty plea on October 19, 2006. In the murder conspiracy case, appellant plead guilty to four counts of intimidation, in violation of R.C. 2921.03, and one count of retaliation, in violation of R.C.2921.05. In the corrupt activity case, appellant plead guilty to one count of engaging in a pattern of corrupt activity, in violation of R.C.2923.32; one count of tampering with records, in violation of R.C.2913.42; one count of forgery, in violation of R.C. 2913.31; one count of felony theft, in violation of R.C. 2913.02; one count of uttering, in violation of R.C. 2913.31; one count of securing writings by deception, in violation of R.C. 2913.43; and one count of telecommunications fraud, in violation of R.C. 2913.05.
 {¶ 3} In the murder conspiracy case, following appellant's sentence in 2005 by Cuyahoga County Common Pleas Judge David T. Matia to 17 months in prison on a felony theft conviction and a parole violation, appellant hired a hit man to murder Judge Matia and to break North Olmsted Detective Simon Cesareo's legs in retaliation for their roles in investigating and sentencing him.
 {¶ 4} In the corrupt activity case, appellant had formed and carried on an enterprise for the ostensible purpose of providing loans to individuals in desperate financial straits, but with the true purpose of stealing their funds and real estate. Many of appellant's victims were near foreclosure, and he took advantage of their plight by stealing the last of their assets. Appellant created spurious loan documents to obtain loans from lenders on behalf of his victims. He then stole the proceeds from these loans. He stole in excess of one million dollars from multiple victims, driving many of *Page 3 
them into financial ruin and/or bankruptcy. The indictment listed 35 victims. He stole more than $100,000 apiece from 14 separate victims.
 {¶ 5} Following a lengthy sentencing hearing in which many of appellant's victims in both cases testified, on December 1, 2006, in the murder conspiracy case, the court sentenced appellant on each of four counts of intimidation to five years, each term to run concurrently to the others. The court also sentenced him to five years on the retaliation count, to be served consecutively with the intimidation counts, for a total of ten years.
 {¶ 6} In the corrupt activity case, the court sentenced appellant to ten years for engaging in a pattern of corrupt activity, five years for tampering with records, 18 months for forgery, one year for theft, 18 months for uttering, five years for securing writings by deception, and 18 months for telecommunications fraud. The prison terms imposed for forgery, theft, uttering, and telecommunications fraud were to be served concurrently to each other and concurrently to the terms imposed for engaging in a pattern of corrupt activity, tampering with records, and securing records by deception. The terms for engaging in a pattern of corrupt activity, tampering with records, and securing records by deception were to be served consecutively to each other, for a total of 20 years in prison, and consecutively to the prison term in the murder conspiracy case, for a total of 30 years in prison.
 {¶ 7} Thereafter, on December 27, 2006, appellant filed a motion for an order requiring the state to return a laptop computer and personal and business files, which he alleged had been seized by police without a warrant and used against him by the state. The state responded that it did not seize the computer and files, and stated that *Page 4 
none of this property was in its possession. The state argued that because it did not possess any of the subject property, it could not return what it did not possess. The trial court subsequently denied appellant's motion to return on April 10, 2007. Appellant appealed the trial court's order denying his motion to return in State v. Dudas, 11th Dist. No. 2007-L-074, 2007-Ohio-6731 ("Dudas II"), in which we affirmed the trial court's order.
 {¶ 8} Subsequently, on June 19, 2007, appellant filed a motion to compel the trial court to make Dennis and Cheryl Golic, two of appellant's corrupt activity victims, return appellant's property, which, he now claimed, they had stolen from him in June, 2005 and was in their possession. Appellant did not specify in his motion the property at issue.
 {¶ 9} On September 13, 2007, appellant filed a motion for relief from judgment, pursuant to Civ.R. 60(B). On October 3, 2007, the trial court denied that motion. On September 26, 2007, the trial court denied appellant's motion to require the Golics to return his property. Appellant now appeals the latter order, asserting six assignments of error. Under each, appellant argues he was entitled to relief from judgment pursuant to Civ.R. 60(B). Because his assigned errors are interrelated, we shall consider them together. For his assignments of error, appellant alleges:
 {¶ 10} "[1.] TRIAL COURT ERRED BY NOT HAVING A HEARING ON THE MOTION FOR CIV.R. 60(B) WHEN ALL RELEVANT FACTS ARE PRESENTED TO WARRANT REVERSAL OF JUDGMENT[.]
 {¶ 11} "[2.] TRIAL COURT ERRED WHEN IT FAILS TO FILE A FILINGS [SIC] OF FACTS [SIC] AND CONCLUSIONS OF LAW. *Page 5 
 {¶ 12} "[3.] TRIAL COURT ERRED WHEN IT FAILED TO ALLOW RELIEF FROM JUDGMENT WHEN NEWLY DISCOVERED EVIDENCE WAS PRESENTED ANY JURY WOULD FIND IN FAVOR OF APPELLANT ON EVIDENCE MERITS [SIC].
 {¶ 13} "[4.] THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT MOTION DUE TO FRAUD ON THE COURT, MISREPRESENTATION, OR OTHER MISCONDUCT OF AN ADVERSE PARTY.
 {¶ 14} "[5.] THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT MOTION WHEN APELLANT [SIC] HAS PROVEN MISTAKE, SURPRISE, IN TRINSIC [SIC] FRAUD.
 {¶ 15} "[6.] THE TRIAL COURT ERRED BY NOT ALLOWING RELIEF FROM JUDGMENT WHEN APPELLANT HAS PROVEN LACK OF ANY SEARCH WARRANTS AND ILLEGAL SEIZURE."
 {¶ 16} Initially, we note that appellant presented no evidence in support of his motion to compel the trial court to require the Golics to return his property. There is no evidence before us that the Golics stole or are in possession of any of his property. An appellate court in determining the existence of error is limited to a review of the record.State v. Sheldon (Dec. 31, 1986), 11th Dist. No. 3695, 1986 Ohio App. LEXIS 9608, *2; Schick v. Cincinnati (1927), 116 Ohio St. 16, at paragraph three of the syllabus. On appeal it is the appellant's responsibility to support his argument by evidence in the record that supports his assigned errors. City of Columbus v. Hodge (1987),37 Ohio App.3d 68. Because appellant presented no evidence in support of this argument, it is not well taken. *Page 6 
 {¶ 17} Next, we note that appellant's motion regarding the Golics is barred by res judicata. In the context of criminal cases, "a convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment." State v.Szefcyk, 77 Ohio St.3d 93, 96, 1996-Ohio-337.
 {¶ 18} As noted supra, appellant argued in his motion that the Golics stole his property in June, 2005. Since appellant was aware of this argument prior to his guilty plea, he was required to raise it at trial or in Dudas I. As a result, his argument is barred by res judicata.
 {¶ 19} In addition, we note that the Golics were not parties in appellant's criminal cases. Therefore, the trial court did not have jurisdiction over them. As such, the trial court would have had no jurisdiction to order them to do anything.
 {¶ 20} Each of appellant's assigned errors claims error by the trial court in denying his motion for relief from judgment under Civ.R. 60(B). Initially, we observe that Civ.R. 60(B) does not apply here. Civ.R. 1(A). The Ohio Rules of Civil Procedure "prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity ***." Id. Contrary to appellant's argument, Civ.R. 57(B) does not make Civ.R. 60 applicable to this case because the Ohio Rules of Criminal Procedure provide essentially the same relief appellant requests in his motion for relief from judgment and appellant has taken advantage of such relief. As a result, appellant *Page 7 
is not entitled to relief from judgment pursuant to Civ.R. 60(B), and his assignments of error are not well taken.
 {¶ 21} Under appellant's first and second assignments of error, he argues he was entitled to an evidentiary hearing on his motion for relief from judgment and to findings of fact and conclusions of law, respectively. Since we hold Civ.R. 60(B) does not apply to this case, appellant's assignments of error are not well taken. Moreover, if the evidence submitted by the movant in support of his Civ.R. 60(B) motion does not provide operative facts which demonstrate that relief is warranted, the trial court may deny the motion without holding a hearing. Kay v. Marc Glassman, Inc., 76 Ohio St.3d 18, 19,1996-Ohio-430; McBroom v. McBroom, 6th Dist. No. L-03-1027, 2003-Ohio-5198, at ¶ 39. Because no such showing was made, the trial court did not err in denying the motion without a hearing.
 {¶ 22} Under his third assigned error, appellant contends that, based on newly discovered evidence, he was entitled to relief from judgment. Since we hold appellant is not entitled to such relief, the assignment of error is not well taken.
 {¶ 23} Even if Civ.R. 60(B) applied here, this assigned error would be without merit. The "newly discovered evidence" to which appellant refers is: (1) a letter allegedly written by Robert Harmon in January, 2007, one month after appellant's sentence, and (2) the search and seizure of appellant's property. Harmon was appellant's fellow inmate who had informed police that appellant had solicited him to kill Judge Matia and to injure Detective Cesareo. The Harmon letter suggests appellant was set up. However, appellant was aware of the substance of this letter on November 23, 2005, because on that date, appellant wrote a note purporting to be from Harmon, *Page 8 
which bears Harmon's forged signature, in which Harmon purports to state he falsely attempted to set up appellant. In addition, the alleged search and seizure could not be "newly discovered evidence" because, according to appellant, the search occurred during the state's investigation and the state used the evidence allegedly seized against him in the murder conspiracy case and in the corrupt activity case.
 {¶ 24} Further, appellant was precluded from asserting these arguments because he plead guilty in both cases.
 {¶ 25} It is well settled that by entering a plea of guilty, a criminal defendant waives the right to challenge in subsequent proceedings the legality of a search and seizure. Crocket v.Haskins (1965), 2 Ohio St.2d 322, 323; Villasino v. Maxwell (1963),174 Ohio St. 483, 484; Poe v. Maxwell (1964), 177 Ohio St. 28, 29.
 {¶ 26} The United States Supreme Court has held: "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v.Henderson (1973), 411 U.S. 258, 267.
 {¶ 27} The Supreme Court in Lefkowitz v. Newsome (1975), 420 U.S. 283, further held:
 {¶ 28} "In most States a defendant must plead not guilty and go to trial to preserve the opportunity for state appellate review of his constitutional challenges to *** admissibility of various pieces of evidence ***. A defendant who chooses to plead guilty rather than go to trial in effect deliberately refuses to present his federal claims to the state court in the first instance. *** Once the defendant chooses to bypass the orderly *Page 9 
procedure for litigating his constitutional claims in order to take the benefits, if any, of a plea of guilty, the State acquires a legitimate expectation of finality in the conviction thereby obtained. *** It is in this sense, therefore, that ordinarily `a guilty plea represents a break in the chain of events which has preceded it in the criminal process.'" (Citations omitted.) Id. at 289, quoting Tollett, supra, at 267.
 {¶ 29} The United States Supreme Court held in Haring v. Prosise
(1983), 462 U.S. 306:
 {¶ 30} "`*** [A] counseled plea of guilty is an admission of factual guilt so reliable that *** it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established.'" (Emphasis sic.) Id. at 321, quoting Menna v. New York(1975), 423 U.S. 61, 62-63, n. 2.
 {¶ 31} Thus, by entering his guilty plea in this case, appellant admitted his factual guilt and removed the issue of his factual guilt from the case. Because appellant plead guilty, Harmon's letter and the alleged search of appellant's residence are irrelevant.
 {¶ 32} Next, we observe that appellant's argument that the state's alleged search of his residence violated his Fourth Amendment rights could have been addressed at trial or in Dudas I. In fact, appellant asserted the same argument in Dudas II, which we rejected based on appellant's guilty plea. As a result, the argument is also barred by res judicata. *Page 10 
 {¶ 33} This court addressed this issue in State v. Shaw (Mar. 8, 1985), 11th Dist. No. 10-072, 1985 Ohio App. LEXIS 6009. In that case, following the defendant's conviction on his guilty plea, he filed a petition for post conviction relief, arguing an unlawful search of his motor vehicle disclosed payroll checks used by the state against him. This court affirmed the trial court's denial of his motion, holding, "the defendant could have raised and fully litigated the issue during a trial or on appeal ***. Res judicata now bars him from asserting this issue." Id. at *5. This court held: "Once a defendant pleads guilty, he is estopped from claiming, in retrospect, that a search of his vehicle was illegal." Id. at *4.
 {¶ 34} Under his fourth assigned error, appellant argues the state used a note signed by Harmon knowing the document was not a forgery. While appellant did not include this note in the record of this appeal, this appears to be a reference to the note purportedly written by Harmon, but actually written by appellant, on November 23, 2005, in which Harmon purports to state that he attempted to set up appellant. The Lake County Crime Lab concluded appellant wrote this note and Harmon's signature on the note had been forged. Appellant sent this note to his girlfriend Jennifer Bost at that time, and referred to it as his insurance policy in the event Harmon turned out to be an informant. Appellant argues the state knew Harmon's signature on the note was not forged, and that in advancing the position that it was forged, the state committed a "fraud on the court," entitling him to relief from judgment. There is no evidence in the record to support these allegations, and the argument is therefore without merit. In any event, because appellant plead guilty, this argument is irrelevant. *Page 11 
 {¶ 35} Under appellant's fifth and sixth assignments of error, he argues the court's failure to hold a hearing on his motion for relief from judgment resulted in "mistake," entitling him to relief from judgment. However, the type of mistake to which Civ.R. 60(B) applies is mistake on the part of the movant, not the trial court.McBroom, supra.
 {¶ 36} For the reasons stated in the Opinion of this court, the assignments of error are not well taken, and it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1