[Cite as *State v. Smith*, 2017-Ohio-4123.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0059** |
| STANLEY T. SMITH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2014 CR 00207.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michelle M. French,* Law Offices of Michelle M. French, LLC, 28 West Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Stanley T. Smith, appeals the judgment of the Ashtabula County Court of Common pleas denying his pro se motion for jail-time credit. Appellant's appointed, appellate counsel has filed a brief and requested leave to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967). Appellant was served with the brief and subsequently filed a pro se appellate brief. After conducting an

independent review of appellant's case, we conclude the instant appeal is wholly frivolous and affirm the trial court's denial of appellant's motion.

{¶2} On May 30, 2014, appellant was indicted for illegal assembly of chemicals for the manufacture of drugs, a felony of the third degree ("the Ashtabula County case"). Appellant pled not guilty. The bond set in the Painesville Municipal Court was continued and appellant remained free on bond.

{¶3} On October 8, 2014, appellant withdrew his not guilty plea and pled guilty to the indictment. Bond was continued pending preparation of a pre-sentence report. The court noted appellant had not served any jail time on this charge. The court scheduled sentencing for December 11, 2014.

{¶4} On December 8, 2014, appellant was arrested in Lake County and incarcerated in the Lake County Jail on a new case in which he was also charged with illegal assembly of chemicals for the manufacture of drugs ("the Lake County case"). Upon discovering this development, the Ashtabula County Court rescheduled sentencing for January 27, 2015.

{¶5} On January 26, 2015, appellant was conveyed to the Ashtabula County Court for sentencing. At the January 27, 2015 sentencing, appellant was sentenced to two and one-half years in prison with no days of jail-time credit. He was then returned to the Lake County Jail for disposition of the Lake County case.

{¶6} Appellant did not file a direct appeal in the Ashtabula County case. Instead, five months after he was sentenced in that case, on June 25, 2015, he filed a pro-se motion for jail-time credit. He conceded he was given 56 days of jail-time credit, but argued he was entitled to an additional 78 days of jail-time credit. Appellant

2

subsequently withdrew this motion, stating he was not entitled to the jail-time credit he requested.

{¶7}   Thereafter, on August 15, 2016, appellant filed a second pro-se motion for jail-time credit in the Ashtabula County case in which he made virtually the same argument he made in his first motion.   The only exhibit appellant attached to this motion was a copy of a brief a Lake County assistant prosecutor filed in opposition to a motion for jail-time credit that appellant apparently filed in the Lake County case.

{¶8}   In his brief, the Lake County assistant prosecutor asked the trial court to "deny Defendant's Motion for Jail Time Credit * * *."   That prosecutor said: "On April 14, 2015, the Defendant was sentenced to [two years] in prison [in the Lake County Case], with 50 days credit (12/8/14 – 1/26/15), consecutive to his prison sentence in [the Ashtabula County case], in which case he was sentenced on 1/27/15 to [two and one-half years] in prison with 0 days credit."   The prosecutor said appellant "received the correct amount of jail-time credit in [the Lake County case] and that it was for "[t]he Department of Corrections [to] credit the Defendant with serving his Ashtabula County prison sentence from 1/27/15 until at least 4/14/15 when he was sentenced by [the Lake County] Court."   (The Lake County court denied appellant's motion for jail-time credit. Appellant appealed that ruling and that appeal is now pending in this court.)

{¶9}   The Ashtabula County assistant prosecutor filed a brief in opposition to appellant's motion for jail-time credit.   The prosecutor argued that appellant's motion should be denied because it was barred by res judicata and also because appellant had already received credit for time served on the Ashtabula County case, suggesting that if his motion was granted, he would receive duplicate jail-time credit for the period from

3

January 27, 2015 (when he was sentenced in Ashtabula County) to April 14, 2015 (when he was sentenced in Lake County). The trial court denied appellant's motion.

{¶10} Appellant, pro se, appealed the trial court's ruling. This court appointed Michelle M. French as appellant's appellate counsel. She filed an appellate brief pursuant to *Anders, supra*, in which she stated she had reviewed the record and applicable law and could not find any error prejudicial to appellant's rights. Pursuant to *Anders*, counsel asked this court to independently review the record to determine whether any possible error exists.

{¶11} Counsel asserted the following as appellant's sole potential assignment of error: "Did the Trial Court err to the prejudice of the Appellant by failing to grant the Appellant the appropriate amount of jail-time credit?"

{¶12} In explaining why she believed this appeal is frivolous, appellate counsel stated in her Anders brief:

{¶13} Mr. Smith was sentenced to prison on January 27, 2015 in Ashtabula County. He was sentenced to a consecutive prison term in Lake County on April 14, 2015, with jail credit of 50 days. This period represents the time from December 8, 2014 until January 27, 2015, a period of 50 days. Mr. Smith, due to the consecutive sentences ordered, was not given credit in the Lake County case for the time period after January 27, 2015, as he was already serving a prison sentence.

{¶14} As a result, appellate counsel asked for permission to withdraw as appellant's attorney. She also certified she sent a copy of her brief to appellant, explaining an Anders brief and her reason for filing it, and she advised him that he may file his own brief if he chooses.

4

{¶15} Pursuant to the Anders brief, this court gave appellant leave to file his own brief and ordered Attorney French's request to withdraw be held in abeyance pending this court's review pursuant to *Anders*.

{¶16} Appellant subsequently filed a brief in which he asserted the following for his sole assignment of error:

{¶17} "The Trial Court erred to the prejudice of Appellant's rights to Due Process and Equal Protection of the Law guaranteed by the United States and Ohio Constitutions by failing to grant Appellant credit for all time spent in the custody of the Sheriff prior to delivering Appellant into the custody of the Ohio Department of Rehabilitation and Corrections."

{¶18} Appellant concedes he was given 56 days of jail-time credit for the 50 days he was in the Lake County Jail prior to his sentencing in the Ashtabula County case (December 8, 2014 to January 26, 2015) and for the six days he remained in the Lake County Jail between his sentence in the Lake County case and his conveyance to prison (April 14, 2015 to April 21, 2015). However, he argues he was also entitled to credit for the 78 days he was held in the Lake County Jail following his Ashtabula County sentence until his Lake County sentence (January 27, 2015 to April 14, 2015).

{¶19} As a preliminary matter, the state's res judicata argument lacks merit. R.C. 2929.19(B)(2)(g)(iii) provides, in pertinent part:

{¶20} [A] sentencing court retains *continuing jurisdiction to correct any error not previously raised at sentencing* in making a determination [of the appropriate jail-time credit] * * *. The offender may, at any time after sentencing, file a motion in the sentencing court to correct *any error* made in making [such] determination[.] (Emphasis added.)

5

{¶21} Several courts have held that since R.C. 2929.19(B)(2)(g)(iii) provides that a court has continuing jurisdiction to correct any jail-time credit error not previously raised at sentencing, this statute abates the application of res judicata as it relates to issues that could have been raised at sentencing but were not. *State v. Lynch*, 10th Dist. Franklin Nos. 15AP-123, etc., 2015-Ohio-3366, ¶9-11; *State v. Quarterman*, 8th Dist. Cuyahoga No. 101064, 2014-Ohio-5796, ¶8; *State v. Copas*, 4th Dist. Adams No. 14CA996, 2015-Ohio-5362, ¶11-12; *State v. Guiterres*, 11th Dist. Trumbull No. 2015-T-0116, 2016-Ohio-5572, ¶15 ("This provision allows a defendant to raise an issue regarding his jail-time credit in a post-conviction motion, but only when the issue was not considered during the sentencing hearing. If an issue was raised and considered at the time the trial court rendered its original credit ruling, it cannot be asserted again in a motion for additional credit.")

{¶22} Because appellant's jail-time credit issue was not considered at sentencing, this appeal is not barred by res judicata.

{¶23} Turning now to the substance of this appeal, R.C. 2967.191, regarding jail-time credit, provides:

{¶24} *The department of rehabilitation and correction* shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including * * * *confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * **[.] (Emphasis added.)

{¶25} Moreover, R.C. 2949.12, regarding conveying a convicted felon to prison, provides:

{¶26} [A] convicted felon who is sentenced to serve a term of imprisonment in a state correctional institution shall be conveyed,

6

within five days after sentencing, * * * by the sheriff of the county in which the conviction was had to the facility that is designated by the department of rehabilitation and correction for the reception of convicted felons. The sheriff shall deliver the convicted felon into the custody of the managing officer of the reception facility and, at that time, * * * shall present the managing officer with a copy of the convicted felon's sentence that clearly describes each offense for which the felon was sentenced * * *, designates the sentence imposed for each offense for which the felon was sentenced * * *, and * * * *specifies the total number of days, if any, that the felon was confined for any reason prior to conviction and sentence.* (Emphasis added.)

{¶27} Pursuant to the foregoing statutory authority, the trial court has the duty to determine the number of days the prisoner was confined before he was sentenced to prison and to include that amount in the sentencing entry. When the sheriff delivers the prisoner to the prison, the sheriff has the duty to present the managing officer with a copy of the prisoner's sentence that specifies the total number of days he was confined for any reason prior to his sentence. However, it is the duty of the department of rehabilitation and correction to reduce the prisoner's prison term by, inter alia, the number of days he was confined while awaiting transportation to the place where he is to serve his prison term.

{¶28} Here, the Ashtabula County Court sentenced appellant to prison. However, because he had a case pending in Lake County, he was returned to that county for trial, rather than being conveyed to prison. Only after he was sentenced in the Lake County case was he transported to prison. Pursuant to the mandatory language of R.C. 2967.191, the department of corrections is required to reduce a convicted felon's prison term by the amount of time he awaited transportation to prison. In the absence of evidence to the contrary, we presume the department of corrections met its statutory obligation to make this reduction.

7

**{¶29}** Appellant failed to file in the trial court any evidence supporting his motion for jail-time credit, such as records from the Lake County Court, the Lake County Sheriff's Office, or the department of corrections. Thus, the trial court had no evidence before it concerning the exact amount of jail-time credit to which appellant was entitled or whether he had already been credited with that time by the department of corrections. "An appellate court in determining the existence of error is limited to a review of the record." *State v. Dudas,* 11th Dist. Lake No. 2007-L-169, 2008-Ohio-3261, ¶16. On appeal, it is the appellant's responsibility to support his argument by evidence in the record that supports his assigned errors. *Id.* Because appellant failed to do so, his argument lacks merit.

**{¶30}** Significantly, appellant argues in his appellate brief that on April 21, 2015, when he arrived at prison, he was given materials showing he was only given 56 days of jail-time credit. Yet, he failed to attach a copy of these documents to his motion for jail-time credit.

**{¶31}** Further, the exhibits attached to appellant's appellate brief (which include another brief filed by the Lake County assistant prosecutor asking that court to deny appellant's motion for jail-time credit) are not in the trial court's record. Thus, the trial court did not have an opportunity to consider them when ruling on appellant's motion. Further, because they are not part of the trial court's record, we cannot consider them and they are, sua sponte, stricken from the record.

**{¶32}** After a thorough and independent review of the record, we hold the trial court did not err in denying appellant's motion for jail-time credit. Thus, there are no arguable legal issues on the merits of this appeal. Appellant's appeal is without merit

8

and is wholly frivolous. Further, because there are no arguable issues in this appeal, the request to withdraw filed by appellate counsel is well taken and is hereby granted.

{¶33} For the reasons stated in this opinion, the assignment of error is overruled. It is the order and judgment of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.