[Cite as *State v. Lefkowitz*, 2022-Ohio-4052.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

CRAIG N. LEFKOWITZ,

        Defendant-Appellant.

CASE NO. 2021-T-0054

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 00417

---

**O P I N I O N**

Decided: November 14, 2022
Judgment: Affirmed

---

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*John B. Juhasz*, 7081 West Boulevard, Suite 4, Youngstown, OH 44512 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Craig N. Lefkowitz ("Mr. Lefkowitz"), appeals from the judgment of the Trumbull County Court of Common Pleas, which sentenced him to an eight-year term of imprisonment following his guilty pleas to four counts of sexual battery and one count of compelling prosecution. Mr. Lefkowitz was a technology teacher and an athletic director at Southington Local Schools, who used his former position to engage in an inappropriate relationship with a minor student.

{¶2} Mr. Lefkowitz raises two assignments of error on appeal, contending that the trial court erred in imposing consecutive sentences without making the statutory findings pursuant to R.C. 2929.14(C)(4) and in imposing maximum sentences.

{¶3} After a careful review of the record and pertinent law, we find Mr. Lefkowitz's assignments of error are without merit. Firstly, the trial court considered the R.C. 2929.14(C)(4) factors both at the sentencing hearing and in the sentencing judgment entry. The trial court is not required to state a "talismanic incantation" of the statute, and the necessary findings are supported by evidence in the record and incorporated in the judgment entry. Secondly, the trial court is no longer required to make findings on the record to support the imposition of a maximum sentence. Mr. Lefkowitz's argument that he is a first-time offender is unpersuasive. The trial court made numerous findings at the hearing, including noting the severe, psychological harm the victim suffered and the evidence of the multiple offenses Mr. Lefkowitz committed, some in the presence of other minors, while using his position of trust as a teacher and athletic director to do so.

{¶4} The judgment of the Trumbull County Court of Common Pleas is affirmed.

## Substantive and Procedural History

{¶5} A Trumbull County Grand Jury indicted Mr. Lefkowitz on nine counts of sexual battery, third-degree felonies, in violation of R.C. 2907.03(A)(7) and (B), and one count of compelling prostitution, a third-degree felony, in violation of R.C. 2907.21(A)(3) and (B).

{¶6} Ultimately, Mr. Lefkowitz entered into a plea agreement with the state and pleaded guilty to four counts of sexual battery and one count of compelling prostitution.

{¶7} At the sentencing hearing, the trial court declared Mr. Lefkowitz a Tier III sex offender and informed him of the registration requirements. The trial court reviewed that Mr. Lefkowitz served alcohol to underage students, developed a big brother relationship with a minor male student so he could manipulate him, showed him pornography, performed sexual acts with him, paid him money, took nude pictures of him,

2

took the minor victim on a road trip, where he gave the student alcohol and had sex with him, kept a notebook with a nude picture of the minor victim, and kept a sample of his pubic hairs. As a result, the minor male victim has serious psychological issues, tried to ease his pain with alcohol and drug addictions, has a broken marriage, and suffered for years as a victim of sexual abuse. While Mr. Lefkowitz was being investigated by the sheriff's department, he attempted to bribe the victim not to reveal the incidents. The trial court further noted that Mr. Lefkowitz used his position as a teacher and an athletic director, like many other predators, to violate his victim.

{¶8} The court then made the following specific findings: the mental injury suffered by the victim due to Mr. Lefkowitz's conduct was exacerbated because of the age of the victim, and the victim suffered and will continue to suffer serious psychological harm. Mr. Lefkowitz's manipulation of his relationship as a teacher with the student victim facilitated the offense. Mr. Lefkowitz is likely to commit future sex crimes of the same nature. He committed the offense in the vicinity of other children who were not victims of the offense; he accepted no genuine responsibility for the offenses; and he has "a dearth of remorse" for the crimes he committed.

{¶9} The trial court imposed consecutive sentences, stating, "Pursuant to R.C. 2929.14, the Court finds that consecutive sentences are necessary to protect the public from future crimes by the Defendant, consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct, and due to the conduct of the Defendant a single prison term would not adequately reflect the seriousness of the conduct of the Defendant."

{¶10} The court then sentenced Mr. Lefkowitz to 60 months in prison on each count of sexual battery, concurrent to each other, and 36 months in prison on the count

3

of compelling prostitution, to be served consecutively to the concurrent 60-month terms, for a total of 96 months or eight years in prison.

{¶11} The sentencing entry reflects that the court found "consecutive service is necessary to protect the public from future crime and to punish the Defendant, and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public. Further, the Court finds that at least two of the multiple offenses were committed as part of the same course of conduct, and the harm caused by two or more of the multiple offenses so committed was so great that no single prison term for any of the offenses committed adequately reflects the seriousness of the offender's conduct."

{¶12} Mr. Lefkowitz raises two assignments of error on appeal:

{¶13} "[1.] The trial court abused it[s] discretion and committed plain error when sentencing Mr. Lefkowitz to a consecutive prison sentence for a violation of OHIO REV. CODE ANN. §2907.219(A)(3) when the court did not also find that the offenses were committed while Mr. Lefkowitz was awaiting trial or sentencing, under post-release control or awaiting another sanction, the offense was not so great or unusual, or that Mr. LEFKOWITZ's criminal history demonstrates that consecutive sentences are necessary.

{¶14} "[2.] The trial Court Erred in Sentencing Appellant to Maximum Sentences."

### Plain Error Standard of Review

{¶15} Mr. Lefkowitz did not object to his sentence in the trial court, thus our review is limited to consideration of whether the trial court committed plain error. *State v. Ferrell*, 11th Dist. Portage No. 2017-Ohio-0069, 2019-Ohio-836, ¶ 36. In order to prevail under a plain error standard, an appellant must demonstrate that there was an obvious error in the proceedings and, but for the error, the outcome would have been otherwise. *State v.*

4

*Waxler*, 2016-Ohio-5435, 69 N.E.3d 1132, ¶ 7 (6th Dist.), citing *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88, ¶ 62.

## Consecutive Sentences

{¶16} R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under * * * [R.C. 2929.14(C)(4)] * * *," or (2) "the sentence is otherwise contrary to law."

{¶17} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that such sentences are not disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

{¶18} (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

{¶19} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶20} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

5

Case No. 2021-T-0054

**{¶21}** The Supreme Court of Ohio has held that "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

**{¶22}** "[W]hile the court has the obligation to make separate and distinct findings under R.C. 2929.14(C)(4) before imposing sentence, support for those findings may appear anywhere in the 'record' and not just at the time the court imposes consecutive sentences." *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453 ¶ 22 (8th Dist.).

**{¶23}** The Supreme Court of Ohio has explained that "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29.

**{¶24}** As our review of the sentencing hearing and sentencing entry reveals, the trial court made the necessary findings pursuant to R.C. 2929.14(C) and incorporated those findings in the sentencing entry. Thus, the trial court found at the hearing, pursuant to R.C. 2929.14(C)(4), that consecutive sentences were (1) "necessary to protect the public from future crime" and (2) "not disproportionate to the seriousness" of Mr. Lefkowitz's conduct. Pursuant to R.C. 2929.14(C)(4)(b), the trial court found that (3) "due to the conduct of the Defendant a single prison term would not adequately reflect the seriousness" of Mr. Lefkowitz's conduct.

**{¶25}** Preceding these findings, the court reviewed Mr. Lefkowitz's multiple offenses, including using his position of trust as a teacher to manipulate the minor male victim, giving alcohol to his underage students, taking the victim on a trip where they drank

6

alcohol and engaged in sexual relations, taking nude photographs of the minor victim, and showing the victim pornography.

{¶26} Thus, Mr. Lefkowitz failed to demonstrate that the trial court did not make the "necessary findings" or that there was no evidence supporting the trial court's findings in the imposition of consecutive sentences pursuant to R.C. 2929.14(C)(4).

{¶27} Mr. Lefkowitz's first assignment of error is without merit.

### Maximum Sentences

{¶28} In his second assignment of error, Mr. Lefkowitz contends the trial court erred in sentencing him to maximum terms of imprisonment because he is a first-time offender and fifteen years have passed since these offenses were committed without Mr. Lefkowitz reoffending.

{¶29} Whether Mr. Lefkowitz is a first-time offender is not necessarily determinative in the court's findings of the term of an offender's individual sentence. We explained in *State v. Burrell*, 11th Dist. Portage Nos. 2020-P-0026, 2020-P-0027, & 2020-P-0028, 2020-Ohio-6685, that relative to the imposition of maximum sentences, the Supreme Court of Ohio has declared that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum or more than minimum sentences. *Id.* at ¶ 9; *see State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus.

{¶30} Even though the trial court is not required to make findings, as our review of the sentencing hearing indicates, the trial court made numerous findings to support its imposition of maximum sentences for sexual battery and compelling prostitution, including the serious harm the victim suffered and Mr. Lefkowitz's multiple offenses involving the

7

victim, some in the presence of other minors. Further, Mr. Lefkowitz used his position as a teacher and athletic director for his school as a vehicle to commit those crimes. *See State v. O'Connor*, 2d Montgomery No. 28259, 2020-Ohio-4402, ¶ 41 (finding unpersuasive the argument that maximum sentences were unwarranted because the appellant was a first-time felony offender).

{¶31} Quite simply, Mr. Lefkowitz's sentence is within the statutory range, and he has failed to demonstrate an obvious error.

{¶32} Mr. Lefkowitz's second assignment of error is without merit.

{¶33} The judgment of the Trumbull County Court of Common Pleas is affirmed.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2021-T-0054