**[Cite as *State v. Perry*, 2024-Ohio-5264.]**

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

       Plaintiff-Appellee,

- vs -

MICHAEL DARNELL PERRY, JR.,

       Defendant-Appellant.

**CASE NO. 2024-L-021**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2023 CR 000457

---

# O P I N I O N

Decided: November 4, 2024
Judgment:  Affirmed

---

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel* and *Jennifer A. McGee*, Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Allison F. Hibbard*, 4403 St. Clair Avenue, Cleveland, OH 44103 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}  Defendant-appellant, Michael Darnell Perry, Jr., appeals from his convictions and sentence for drug-related offenses in the Lake County Court of Common Pleas.  For the following reasons, we affirm the judgment of the lower court.

{¶2}  On June 21, 2023, Perry was indicted by the Lake County Grand Jury for two counts of Trafficking in a Fentanyl-Related Compound (Counts One and Four), felonies of the second and fifth degree, in violation of R.C. 2925.03(A)(1) and (2); Having Weapons While Under Disability (Count Two), a felony of the third degree, in violation

of R.C. 2923.13(A)(3); Possession of a Fentanyl-Related Substance (Count Three), a felony of the second degree, in violation of R.C. 2925.11(A); Possession of Cocaine (Count Five), a felony of the fourth degree, in violation of R.C. 2925.11(A); Trafficking in Cocaine (Count Six), a felony of the fourth degree, in violation of R.C. 2925.03(A)(2); two counts of Possessing Criminal Tools (Counts Seven and Eight), felonies of the fifth degree, in violation of R.C. 2923.24(A); two counts of Tampering with Evidence (Counts Nine and Ten), felonies of the third degree, in violation of R.C. 2921.12(A)(1); and Illegal Conveyance of Drugs of Abuse (Count Eleven), a felony of the third degree, in violation of R.C. 2921.36(A)(2). The indictment contained firearm and forfeiture specifications.

{¶3} On January 29, 2024, a plea hearing was held and a written plea agreement was filed. The court reviewed the charges, possible sentences, and the rights waived by pleading guilty. The court advised Perry that "with respect to the one-year firearms specification, that is a mandatory year in prison. . . . Mandatory prison also means that there can be no judicial release during that time of your mandatory incarceration." It later explained: "So you understand that you may be eligible for judicial release, but it is not automatically granted, and you cannot apply for it until after you serve that mandatory prison sentence." Perry pled guilty to Counts One, Two, Five, Ten, and Eleven, and a lesser-included offense of Count Three, Possession of a Fentanyl-Related Substance, a felony of the third degree, and the firearm specification on Count One. The State indicated it would have proven Perry sold controlled substances to an informant.

{¶4} A sentencing hearing was held on February 26, 2024. At the hearing, Perry argued that he was at the "lower end" of drug offenders. The court ordered him to serve consecutive terms of one year in prison on Count One with a one-year mandatory gun

2

specification term, two years on Count Two, two years on Count Three, one year on Count Ten, and one year on Count Eleven. It also ordered him to serve 18 months on Count Five, concurrent with the other offenses, for a total prison term of eight years. Regarding jail time credit, the following exchange occurred:

> Prosecutor: My understanding of the two days is because the Defendant is imprisoned on the post-release control, and so Lake County was able to have the Defendant remain in the Lake County Jail while this case was pending, but he is still in prison on that case. My understanding from Mr. Watson [defense counsel] is that . . . the Defendant waived his parole hearing, and that the Adult Parole Authority has yet to sanction the Defendant on that PRC violation, that that sanction judgment is coming, and it's expected that the PRC would then give him credit for all those days. That's why they don't get them here.

> Defense counsel: That's my understanding as well.

The court gave Perry two days of jail time credit. The sentence was memorialized in a February 29, 2024 Judgment Entry of Sentence.

{¶5} Perry timely appeals and raises the following assignments of error:

{¶6} "[1.] Appellant's plea was not made knowingly, intelligently, and voluntarily where he was incorrectly advised by the trial court regarding his eligibility for judicial release."

{¶7} "[2.] The trial court erroneously calculated appellant's jail time credit."

{¶8} In his first assignment of error, Perry argues that his plea was not voluntary because he was incorrectly informed by the trial court that he could apply for judicial release after the completion of his mandatory time: "[T]he trial court's imposition of an eight year sentence, only one year of which is mandatory, results in Mr. Perry not being eligible to apply for judicial release until he has served six years of prison time."

{¶9} "When a defendant enters a plea in a criminal case, the plea must be made

3

knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "The best way to ensure that pleas are entered knowingly and voluntarily is to simply follow the requirements of Crim.R. 11 when deciding whether to accept a plea agreement." *State v. Clark*, 2008-Ohio-3748, ¶ 29.

{¶10} Crim.R. 11(C)(2) provides that, "[i]n felony cases the court . . . shall not accept a plea of guilty . . . without first addressing the defendant personally . . . and doing all of the following: (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved . . .; (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty"; and (c) informing the defendant of the rights waived by entering a plea. Crim.R. 11(C)(2)(a)-(c). "On appellate review the questions to be answered are '(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?'" *State v. Servantes*, 2023-Ohio-2116, ¶ 35 (11th Dist.), citing *State v. Dangler*, 2020-Ohio-2765, ¶ 17.

{¶11} Perry is correct that he cannot file for judicial release until he has completed six years of his sentence. The following applies regarding when Perry may apply for judicial release: "If the aggregated nonmandatory prison term or terms is more than five years but not more than ten years, . . . if the prison term includes a mandatory prison term or terms, not earlier than five years after the expiration of all mandatory prison terms." R.C. 2929.20(C)(1)(d). He could not apply for judicial release until serving the one-year

4

mandatory term for the firearm specification plus an additional five years.

{¶12} "Unless incorporated into a plea agreement, the trial court is not under an obligation to inform a defendant regarding his eligibility for judicial release." *State v. Mitchell*, 2006-Ohio-618, ¶ 14 (11th Dist.). "A guilty plea may be found invalid, however, where misinformation is given about judicial release." *State v. Burns*, 2023-Ohio-3121, ¶ 26 (11th Dist.). To warrant reversal due to misinformation, "the defendant must demonstrate that he was prejudiced by the erroneous representation, i.e., that but for the misrepresentation regarding judicial release, he would not have entered the plea." *Mitchell* at ¶ 15.

{¶13} The trial court made the following advisements to Perry regarding judicial release:

> THE COURT: So since there is a mandatory prison term, that must be imposed upon you by law, so you cannot be sentenced to Community Control. Mandatory prison also means that there can be no judicial release during that time of your mandatory incarceration. Do you understand that?
>
> PERRY: Yes, Your Honor.
>
> . . .
>
> THE COURT: Okay. So you understand that you may be eligible for judicial release, but it is not automatically granted, and you cannot apply for it until after you serve that mandatory prison sentence.
>
> PERRY: Yes, Your Honor.

{¶14} In *State v. Brownlee*, 2023-Ohio-1090 (11th Dist.), this court faced similar circumstances where the appellant "was advised that he would not be eligible for judicial release until his mandatory incarceration expired." *Id.* at ¶ 21. This court found that while the appellant "inferred from this that his mandatory terms would expire once he served the two, consecutive firearm terms, i.e., six years, . . . R.C. 2929.20(C)(4) requires

5

Case No. 2024-L-021

appellant to serve an additional five years after serving his mandatory term (six years) before he is permitted to file a motion for judicial release. Hence, statutorily, appellant's sentence carried with it a mandatory 11-year term before he would be eligible for judicial release." *Id.* at ¶ 21 and 23. It determined that "the trial court's advisement that appellant would be eligible for judicial release after his mandatory term is not entirely inaccurate; rather, it requires the felony sentencing statute to be read in pari materia with the judicial release statute. When so read, appellant's mandatory six-year term for the firearm specifications automatically becomes a mandatory 11 years upon application of R.C. 2929.20(C)(4) – in effect, appellant was functionally required to serve 11 years (mandatorily by statute) *before* he could be eligible to file for judicial release." *Id.* at ¶ 23. In other words, the years to be served prior to applying for judicial release were "mandatory" for the purposes of eligibility to apply for judicial release. Regardless, in that matter, this court concluded the arguments were barred by res judicata. *Id.* at ¶ 25-26.

{¶15} Other decisions have found a plea involuntarily entered where a defendant was advised he would be eligible for judicial release after a specified period of time. In *State v. Malorni*, 2024-Ohio-1122 (11th Dist.), this court found that a defendant's plea was involuntary when she was advised she "could file for judicial release in six months" and relied on these statements in entering the plea. *Id.* at ¶ 20-21 ("the court and counsel repeatedly and clearly misinformed Malorni that she would be eligible to file for judicial release in six months"). Similarly, in *State v. Davner*, 2017-Ohio-8862 (8th Dist.), the court found appellant's plea involuntary when he was incorrectly advised he would be eligible for judicial release "after serving six months." *Id.* at ¶ 56.

{¶16} In the present matter, the trial court did not state a specified period of time

6

after which Perry could file for judicial release like in *Malorni*, but more generally stated that he could file after he served his "mandatory prison sentence." This court in *Brownlee* noted that a "mandatory" prison term for the purposes of judicial release can include that period of time that must be served prior to applying for judicial release. *Id.* at ¶ 23. However, the court did advise that Perry could not apply for judicial release "until after you serve *that* mandatory prison sentence." This advisement was not immediately preceded by discussion of what mandatory sentence was being referenced but shortly prior to that statement, the court had advised that there was "a mandatory year in prison" on the firearm specification. These statements were somewhat unclear regarding when Perry could apply for judicial release.

{¶17} Nonetheless, even presuming Perry was incorrectly advised regarding when he could apply for judicial release, he concedes that it is necessary to consider whether there was prejudice resulting from this statement. It is necessary to show that, "but for the misrepresentation regarding judicial release, he would not have entered the plea." *Mitchell*, 2006-Ohio-618, at ¶ 15; *State v. Burns*, 2023-Ohio-3121, ¶ 26 (11th Dist.). Prejudice must be established "on the face of the record." (Citations omitted.) *Dangler*, 2020-Ohio-2765, at ¶ 24. Perry argues that "[a] five year time difference in eligibility for judicial release is inherently prejudicial when it is an advisement given to the defendant immediately preceding the guilty plea."

{¶18} Courts have found a lack of prejudice in circumstances similar to those in this case. In *State v. Robinson*, 2018-Ohio-4863 (8th Dist.), the court rejected the appellant's argument that he would not have entered his plea had he known he was ineligible for judicial release. In support of this conclusion, it observed that, in return for

7

entering a plea to three counts of Rape, the State dismissed seven other charges and sexually violent predator specifications. He received a sentence that was significantly less than he could have received had he gone to trial and the court did not order him to serve the maximum term for those offenses to which he pled. The court observed that "[t]he reduction in prison time was the incentive for pleading guilty, not the vague possibility of judicial release." (Citation omitted.) *Id.* at ¶ 31.

{¶19} Similarly, in *State v. Rudy*, 2023-Ohio-2023 (3d Dist.), the court found no prejudice where the record did not indicate judicial release "was a consideration of [defendant's] plea such that a misstatement regarding the timeframe of his eligibility induced him to change his plea," a reduced sentence was the incentive to plead, and no guarantees were made regarding a judicial release motion. *Id.* at ¶ 19-20 ("[w]hile Rudy may have been hopeful that he could be released after serving the mandatory time and six months of his non-mandatory sentence, this was not a guarantee such that Rudy was prejudiced by the trial court's explanation"). *See also State v. Gipson*, 2022-Ohio-2069, ¶ 21 (6th Dist.) ("Gipson claims that he would not have entered into the plea agreement had he known the trial court 'misadvised' him, but he offers no facts from the record to show that that is actually the case"); *Mitchell* at ¶ 16 (if the defendant "subjectively held some such belief [that he expected to receive judicial release], there is not evidence of it in the record or that such belief was essential to his decision to plead guilty").

{¶20} In the present matter, Perry does not point to evidence in the record showing the potential for judicial release impacted his decision to enter a plea. In exchange for his guilty plea, several felony charges were dismissed, as well as several firearm specifications carrying mandatory terms. When he entered his plea, he was

8

informed that he could have received 15 and a half years for those charges to which he pled but he received approximately half of that, making him eligible for release earlier than he could have reasonably relied upon when deciding to plead guilty. He could not have entered a plea relying on the fact that he would have been granted judicial release after a year, particularly where he was told judicial release would not be automatically granted. We do not find that the record indicates he would not have entered his guilty pleas but for the advisements on judicial release made by the trial court.

**{¶21}** The first assignment of error is without merit.

**{¶22}** In his second assignment of error, Perry argues that the trial court improperly calculated his jail time credit. He contends that the court gave him credit for two days but the record indicates he was incarcerated in the Lake County Jail from the time of his arrest until sentencing and was entitled to 325 days of jail time credit.

**{¶23}** R.C. 2929.19(B)(2)(g)(i) provides that the trial court shall "[d]etermine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced . . ." "The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced." *Id.* R.C. 2967.191(A) provides that "[t]he department of rehabilitation and correction shall reduce the prison term of a prisoner . . . by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial . . ."

9

{¶24} This court has reviewed the issue of jail time credit under a plain error standard when it was not raised below. *State v. Myers*, 2021-Ohio-475, ¶ 44 (11th Dist.); *State v. Chester*, 2023-Ohio-2122, ¶ 24 (11th Dist.). "In order to prevail under a plain error standard, an appellant must demonstrate that there was an obvious error in the proceedings and, but for the error, the outcome would have been otherwise." *State v. Lefkowitz*, 2022-Ohio-4052, ¶ 15 (11th Dist.). Further, "[w]hen the record before this court is insufficient to demonstrate error, this court has affirmed and has done so in the context of jail-time credit determinations." *State v. Anderson*, 2020-Ohio-1334, ¶ 21 (11th Dist.).

{¶25} The record indicates Perry was initially arrested on the charges in this matter on April 10, 2023, and was released on bond the next day, which encompasses the two days for which he was given jail time credit. The matter was bound over to the Lake County Court of Common Pleas on April 20 and Perry remained out on bond. According to the Presentence Investigation Report prepared by the Lake County Probation Department, Perry was admitted to the Lorain Correctional Institution on June 5, 2023, for what the parties described as a post-release control violation. On July 11, 2023, the court issued a Judgment Entry ordering that Perry be conveyed from the Lorain Correctional Institution to the Lake County Sherriff's Department for arraignment and stating that Perry is "to remain in the Lake County Jail until further order of the Court." He was conveyed to Lake County on July 19. After later entering his plea, he was sentenced on February 26, 2024.

{¶26} We initially question the calculation of 325 days of credit requested by Perry. The period from his transport to Lake County Jail in July 2023 to sentencing in February 2024 is not 325 days. Even presuming he is requesting credit from the time he was taken

10

into Lorain Correctional Institution, which date is listed as June 5, 2023, in the PSI, this would be well short of 325 days. Nonetheless, we will consider whether he was entitled to any additional jail time credit.

{¶27} According to the summary contained in the PSI, in Cuyahoga County Common Pleas Court Case Numbers 16CR606650 and 15CR595696, in which Perry was convicted for drug possession offenses, he had been released from prison on post-release control on May 8, 2022. He was "readmitted, under A763608 on June 5, 2023." The PSI further indicated that he was "currently incarcerated in the Lorain Correctional Institution" (the date of the PSI was February 15, 2024). Following sentencing, on March 5, 2024, a "Warrant to Convey" was issued ordering the Sheriff to convey Perry to Lorain Correctional. On March 20, 2024, the Sherrif's Return was filed which did not state a date of conveyance but contained a notation, "No service. Sent paperwork to ODRC."

{¶28} At the sentencing hearing in this matter, counsel for both sides indicated an "understanding" that Perry had been incarcerated in the Lorain Correctional Institution at the time of his indictment in the present matter due to a post-release control violation. There is not otherwise any evidence before this court as to the reason that Perry was returned to the Lorain Correctional Institution in June 2023. While it seems likely that he was incarcerated for a post-release control violation on the Cuyahoga matters due to the commission of the present offenses, defense counsel did not present records demonstrating this before the trial court. Counsel referenced him being in Lorain on "the post-release control" but there is a lack of clarity as to what "the post-release control" means and whether it was in fact a post-release control violation for the crimes committed here rather than some other conduct. Perry's transfer to the Lake County Jail alone does

11

not entitle him to credit on the Lake County case if he was being held for an unrelated matter in another county. *See State v. Lane*, 2017-Ohio-9335, ¶ 18 (11th Dist.) (the defendant was not entitled to jail time credit for time confined in the Lake County Jail after he was charged where he had previously been serving an unrelated term in the Lake Erie Correctional Institution and "even if [he] could have posted bond when he was first arrested in this case, he would not have been released because he was already serving his Cuyahoga County sentences").

{¶29} This court has held that jail time credit could not be awarded in circumstances where there was a lack of documentary evidence to demonstrate the basis for jail time credit. In *State v. Smith*, 2017-Ohio-4123 (11th Dist.), this court observed that "[a]ppellant failed to file in the trial court any evidence supporting his motion for jail-time credit, such as records from the Lake County Court, the Lake County Sheriff's Office, or the department of corrections," which prohibited a determination as to the amount of jail time credit owed and whether such time had already been credited by the department of corrections. *Id.* at ¶ 29, citing *State v. Dudas*, 2008-Ohio-3261, ¶ 16 (11th Dist.) ("[a]n appellate court in determining the existence of error is limited to a review of the record"); *Anderson*, 2020-Ohio-1334, at ¶ 20 (the record did not permit a review of an award of jail-time credit where the record did not demonstrate the reason for confinement in another county and no documents were introduced on this issue). "On appeal, it is the appellant's responsibility to support his argument by evidence in the record that supports his assigned errors" and where he fails to do so, "his argument lacks merit." *Smith* at ¶ 29. As noted above, the record does not definitively establish the basis for Perry's incarceration in Lorain County, nor what sentence, if any, he was given for an

12

administrative post-release control violation such that we can find plain error.

{¶30} In *State v. Gonzales*, 2017-Ohio-2720 (11th Dist.), cited by Perry in support of his argument, this court held that the defendant was entitled to credit for pretrial confinement for time he was held on a probation violation that occurred due to his commission of the subject offense. *Id.* at ¶ 18. It held that, "[t]o be entitled to jail time credit under R.C. 2967.191, it is only necessary that the pretrial confinement arise 'out of the offense' for which the defendant is later convicted and sentenced." *Id.* at ¶ 16 ("if the authorities had not found the illegal drugs in appellant's home, he would not have been incarcerated under the probation violation holder"). As noted above, we find there was a lack of evidence developed in the record to determine with certainty the basis for which the confinement occurred in the Lorain Correctional Institution.

{¶31} We also observe that, at the sentencing hearing, defense counsel indicated that he would "wait to see what the jail time calculation would be with the Adult Parole Authority. If not, then I will file a motion with this Court." Even presuming that Perry was being held in Lorain Correctional Institution on a post-release control violation relating to this matter and he has not been given credit for that time upon being given a penalty for that violation, he is not without a remedy. "Pursuant to R.C. 2929.19(B)(2)(g)(iii), an offender can file a motion to correct an error in determining jail-time credit 'at any time after sentencing' and the sentencing court has authority to correct any error in determining jail-time credit that was 'not previously raised at sentencing.'" *State v. Thompson*, 2016-Ohio-2769, ¶ 12; R.C. 2929.19(B)(2)(g)(iii) (the sentencing court "retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination" of jail-time credit). If an error arises wherein Perry is not given appropriate

13

Case No. 2024-L-021

credit relating to the post-release control, it can be raised through such motion, which would allow proper evidence to be introduced to demonstrate the circumstances of the jail time credit and the correct amount of credit to be given.

{¶32} The second assignment of error is without merit.

{¶33} For the foregoing reasons, Perry's convictions and sentence in the Lake County Court of Common Pleas are affirmed. Cost to be taxed against appellant.

EUGENE A. LUCCI, P.J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2024-L-021