[Cite as *State v. Hughes*, 2013-Ohio-1037.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98666

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES E. HUGHES

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-557648

**BEFORE:**  E.T. Gallagher, J., S. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**  March 21, 2013

**ATTORNEY FOR APPELLANT**

Michael V. Heffernan
75 Public Square
Suite 700
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Brad S. Meyer
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Appellant James Hughes ("Hughes") appeals his petty theft conviction following a guilty plea. We find no merit to the appeal and affirm.

**{¶2}** Hughes was charged with breaking and entering and petty theft. Pursuant to a plea agreement, Hughes pleaded guilty to petty theft, and the breaking and entering charge was nolled.

**{¶3}** Shortly before reaching the plea agreement, when Hughes was contemplating representing himself at trial, the trial court explained to him on the record that if he pleaded guilty to petty theft, he "could not be sentenced to the institution." The court further explained that he could still be subject to six months of local incarceration for the petty theft conviction.

**{¶4}** Hughes pleaded guilty to petty theft, and the court sentenced him to six months in the Cuyahoga county jail. This appeal followed.

**{¶5}** In his sole assignment of error, Hughes argues that he did not enter his plea knowingly, intelligently, and voluntarily and that the trial court failed to substantially comply with Crim.R. 11.[1]

**{¶6}** Although Crim.R. 11(E) governs a defendant's rights when entering a plea to a petty offense, this court has held that the trial court must nevertheless advise the

---

[1] Although Hughes did not file a motion to withdraw his guilty plea with the trial court, he "may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal." *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, paragraph one of the syllabus.

defendant of his constitutional rights under Civ.R. 11(C). *Cleveland v. Wanzo*, 129 Ohio App.3d 664, 718 N.E.2d 982 (8th Dist.1998).

{¶7} Under Crim.R. 11(C)(2), before accepting a guilty plea in a felony matter, a trial court must personally address the defendant and (1) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty; (2) inform the defendant of and determine that the defendant understands the effect of the plea and that the court may proceed with judgment after accepting the plea; and (3) inform the defendant and determine that the defendant understands that he is waiving his constitutional rights to a jury trial, to confront the witnesses against him, to call witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial where the defendant cannot be forced to testify against himself.

{¶8} A trial court must strictly comply with the mandates of Crim.R. 11(C)(2) regarding the waiver of constitutional rights, meaning the court must actually inform the defendant of the constitutional rights he is waiving and make sure the defendant understands them. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 27. Failure to fully advise a defendant of his Crim.R. 11(C)(2) rights renders a plea invalid. *Id*. at ¶ 29.

{¶9} For nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required and "substantial compliance" is sufficient. *Veney* at ¶ 14, citing *State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31. "Substantial compliance means that under the

totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶10} If the trial judge partially complied with the rule with respect to nonconstitutional rights, the plea may be vacated only if the defendant demonstrates a prejudicial effect. *Veney* at ¶ 17. The test for prejudice is "'whether the plea would have otherwise been made.'" *Clark* at ¶ 32, quoting *Nero* at 108.

{¶11} Hughes contends that he did not enter his plea knowingly, voluntarily, or intelligently because the trial court failed to accurately inform him of the potential penalties he would face upon conviction. The right to be informed of the potential penalties prior to entering a plea is a nonconstitutional right. *State v. Dunn*, 8th Dist. No. 93640, 2010-Ohio-5000, ¶ 8. Therefore, we review the plea proceedings to determine if the court substantially complied with the rule. *Id.*

{¶12} At the plea hearing, the court advised Hughes:

THE COURT: It's proposed you're going to plead guilty to Count 2, petty theft, in violation of 2913.02, a misdemeanor of the first degree. That's punishable by six months in a local facility, a thousand dollar fine or both. Do you understand that?

THE DEFENDANT: Yes, your Honor.

Although the court did not use the word "jail," the phrase "six months in a local facility" obviously means a local institution such as the county jail. Moreover, Hughes indicated that he understood that he was subject to a possible six month jail term in addition to a $1000 fine.

{¶13} Hughes was also awaiting sentencing on his felony convictions in three other cases. Although the trial court stated that he could not be sentenced to prison on his misdemeanor conviction in this case, it advised Hughes that he could be subject to prison sentences in the felony cases. The trial court informed Hughes that because misdemeanor and felony sentences run concurrently, he may serve his misdemeanor sentence in a state prison if he is sentenced to the penitentiary on the felony convictions. Thus, the court substantially complied with its obligation to inform Hughes of the potential penalties he could be subjected to as a result of his guilty plea.

{¶14} Hughes also argues the trial court failed to substantially comply with Crim.R. 11(C) because it failed to advise him that he could plead no contest rather than guilty. However, Crim.R. 11(E) governs pleas for petty offenses. In *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, the Ohio Supreme Court held that "[i]n accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant *only of the effect of the specific plea being entered*." (Emphasis added.) *Id*. at paragraph one of the syllabus. The rule does not require the trial court to advise the defendant that he has the option of pleading no contest. Therefore, the court's failure to provide such advice does not violate the rule.

{¶15} We find the trial court substantially complied with its obligation to inform Hughes of the potential penalties he would face as a result of his guilty plea. And because the court was not required to provide advice about pleading no contest, we find that it complied with all applicable rules when it accepted Hughes's guilty plea.

Therefore, we find that Hughes entered his guilty plea knowingly, voluntarily, and intelligently.

**{¶16}** The sole assignment of error is overruled.

**{¶17}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, J., CONCURS;
SEAN C. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY