[Cite as *State v. Burns*, 2023-Ohio-3121.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

DARNELL L. BURNS,

        Defendant-Appellant.

**CASE NO. 2022-L-129**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 000536

## **O P I N I O N**

Decided: September 5, 2023
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Robert T. McDowall, Jr.*, Robert T. McDowall Co, LLC, 415 Wyndclift Place, Youngstown, OH 44515 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Darnell L. Burns, appeals from his convictions for Felonious Assault and Having Weapons While Under Disability in the Lake County Court of Common Pleas. For the following reasons, we affirm the judgment of the lower court.

{¶2} On August 15, 2022, the Lake County Grand Jury indicted Burns for Attempted Murder (Count One), a felony of the first degree, in violation of R.C. 2923.02 and R.C. 2903.02(A); Felonious Assault (Count Two), a felony of the second degree, in violation of R.C. 2903.11(A)(2); and Having Weapons While Under Disability (Count Three), a felony of the third degree, in violation of R.C. 2923.13(A)(2). Counts One through Three had firearm

specifications pursuant to R.C. 2941.145 and Counts One and Two had repeat violent offender specifications pursuant to R.C. 2941.149.

{¶3} On November 1, 2022, Burns entered pleas of guilty to Felonious Assault and Having Weapons While Under Disability as charged in the Indictment, as well as the specifications on Felonious Assault. The count of Attempted Murder was dismissed and the specification on Count Three was "removed" as being "incorrect." The State and Burns recommended an agreed sentence of 14 to 18 years in prison. At the plea hearing, the State described that, had the matter gone to trial, the evidence would have shown that Burns, following an argument with the victim, fired his gun at her vehicle, hitting the driver's side. The court explained the rights Burns waived by pleading guilty.

{¶4} As to the sentence, the court advised that the gun specification carried a three-year mandatory term and would be consecutive to the other terms. The court also advised: "And you understand that if I give you the maximum on the felonious assault, then I can give you between one and ten years * * * on the repeat violent offender specification attached to that felonious assault?," which would be consecutive. It advised him it could sentence him to an additional 973 days in prison for a post release control violation. It explained that Felonious Assault was subject to an indefinite term:

> And what that means is I give you a minimum sentence, and the law derives from that minimum sentence what the maximum sentence would be. And so the minimum term that is attributable to felonious assault, the felony two, would be between two and eight years * * *. So that means for the felonious assault, I pick a number –- [two to eight years], and the maximum term is one half of that. So if I pick eight years, which would be your joint recommendation, then half of eight is four, you add the four to the eight, is twelve years.

It advised: "And you understand that on the weapons under disability the minimum prison is nine months, the maximum prison is thirty-six months. And it has to be either nine, twelve,

2

eighteen, twenty-four, thirty or thirty-six months." The court explained that the maximum potential prison term would be 28 years. Finally, it advised: "Now you understand your agreement with the State calls for me giving you the maximum on the felonious, which would be eight to twelve including that four year tail, plus three on the firearm specification, plus two on the RVO specification, plus * * * one year on the weapons under disability," reiterating the agreed sentence of 14 to 18 years. The court accepted the pleas and found Burns guilty of the offenses. The written plea agreement contained a sentencing chart which stated "no" in relation to whether the sentence on Felonious Assault was mandatory.

{¶5} The matter proceeded immediately to sentencing. Defense counsel and the State requested that Burns be given the jointly recommended sentence. The court found that prison was mandatory on the firearm specification and "there is a presumption for prison on the felonious assault" which "cannot be overridden." It found the recommended sentence appropriate and ordered that Burns serve two years for the repeat violent offender specification, three years on the gun specification, an indefinite term of eight to twelve years for Felonious Assault, and one year for Having Weapons While Under Disability. It made consecutive sentencing findings and ordered an aggregate minimum term of 14 years and maximum term of 18 years.

{¶6} On November 17, 2022, a "continuation of the sentencing hearing" was held. The court recognized that it had mentioned there was a presumption of prison for Felonious Assault at the prior sentencing hearing but, pursuant to R.C. 2929.13(F)(6), the sentence was mandatory due to Burns' prior convictions. The court indicated that it wanted to make the record clear as to the mandatory time and repeated its prior sentence. The court then asked counsel for both parties whether this "change[d]" anything, to which counsel

3

responded in the negative. The court inquired: "Mr. Burns, does this change anything? If it changes something, say it now," and then indicated that Burns was "silent on that point" and the matter concluded. On December 7, 2022, the court issued a Judgment Entry memorializing the sentence.

{¶7} Burns timely appeals and raises the following assignment of error:

{¶8} "Appellant's plea was not knowingly and intelligently made in that (1) he was not correctly advised of the penalties, and (2) he was denied effective assistance of counsel."

{¶9} Burns argues that his guilty plea was not knowingly and intelligently entered where his plea agreement and statements by the judge during the plea colloquy incorrectly explained that there was presumed but non-mandatory incarceration for Felonious Assault.

{¶10} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "The best way to ensure that pleas are entered knowingly and voluntarily is to simply follow the requirements of Crim.R. 11 when deciding whether to accept a plea agreement." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29.

{¶11} Crim.R. 11(C)(2) provides that, "[i]n felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and doing all of the following: (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions * * *; (b) Informing the defendant of and determining that the defendant

4

understands the effect of the plea of guilty" and that the court may proceed to sentencing; and (c) informing the defendant of rights waived by entering a plea, including the right to a jury trial, to confront and subpoena witnesses, the right not to be compelled to testify, and the requirement that the state prove guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(a)-(c).

{¶12} "On appellate review [of compliance with Crim.R. 11] the questions to be answered are '(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?'" *State v. Servantes*, 11th Dist. Portage Nos. 2022-P-0031, et al., 2023-Ohio-2116, ¶ 35, citing *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 17.

{¶13} "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest," i.e., the rights contained in Crim.R. 11(C)(2)(c), the courts "presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Dangler* at ¶ 14, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31. Further, "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Id.* at ¶ 15.

{¶14} As an initial matter, the State contends that Burns' arguments are precluded on appeal because he did not file a motion to withdraw his plea pursuant to Crim.R. 32.1, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 12 (appellate review was precluded where defendant did not raise the argument that a plea was entered involuntarily due to the failure to advise him of certain rights in a motion to withdraw plea)

5

Case No. 2022-L-129

and *State v. Sumes*, 5th Dist. Stark No. 2001CA00196, 2002 WL 501496, *2 (Apr. 1, 2002) (error relating to acceptance of defendant's plea should have been raised in a motion to withdraw).

{¶15} We recognize, however, that the Ohio Supreme Court has held: "if a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal." *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 25. Courts have applied this proposition, that a defendant can use either a direct appeal or motion to withdraw to challenge the voluntary nature of the plea, to various circumstances where the defendant alleges his plea has been entered involuntarily. *State v. Hughes*, 8th Dist. Cuyahoga No. 98666, 2013-Ohio-1037, ¶ 5, fn. 1 (where defendant argued the court did not properly advise him of possible incarceration during the plea hearing, his failure to file a motion to withdraw did not preclude consideration on appeal pursuant to *Sarkozy*); *State v. Aguilar*, 9th Dist. Wayne No. 10CA0051, 2011-Ohio-6008, ¶ 7-9 (considering the merits of the argument that the trial court failed to properly advise the defendant of judicial release, since he "may seek to vacate his guilty plea either by filing a motion to withdraw * * * or upon direct appeal"). Given this application of the principle as stated in *Sarkozy*, we will proceed to consideration of the merits on appeal.

{¶16} The State does not dispute that there was an error made when the plea agreement improperly stated that the Felonious Assault offense did not carry a mandatory sentence and this issue was not clarified at the plea hearing. R.C. 2929.13(F)(6) provides that a court "shall impose a prison term" for a felony of the first or second degree "if the

6

Case No. 2022-L-129

offender previously was convicted of or pleaded guilty to * * * any first or second degree felony." Pursuant to the repeat violent offender specification, Burns had been convicted of Complicity to Aggravated Robbery and Complicity to Felonious Assault, felonies of the first and second degree.

{¶17} The issue, then, is whether this error in failing to advise Burns that the Felonious Assault charge carried a mandatory term rendered his plea involuntary. As stated above, a trial court is required to "determin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions." Crim.R. 11(C)(2)(a). The court advised Burns of the maximum sentence for each charge and the overall maximum of 28 years in prison and explained the jointly recommended sentence of 14 to 18 years. He was not, however, advised specifically of the maximum sentence for Felonious Assault or that he was ineligible for a term of probation or community control.

{¶18} While Crim.R. 11 does not specifically address advisements required for mandatory sentences, courts have found that the failure to properly advise a defendant regarding the fact of a mandatory sentence and that he is not eligible for community control can render a plea involuntarily entered. *State v. Lehner*, 5th Dist. Guernsey No. 21 CA 26, 2022-Ohio-2547, ¶ 30 (the court must determine a defendant's understanding that he is subject to a mandatory sentence and is ineligible for probation); *State v. Byrd*, 178 Ohio App.3d 646, 2008-Ohio-5515, 899 N.E.2d 1033, ¶ 30 (2d Dist.). *See also State v. Gensert*, 2016-Ohio-1163, 61 N.E.3d 636, ¶ 24 (11th Dist.) (recognizing that the advisement of the mandatory nature of a prison term was sufficient to make a defendant aware he was

7

ineligible for community control). As outlined above, there was no specific advisement made about the mandatory nature of the Felonious Assault sentence or advisement that Burns was not eligible for community control, although he was advised that a portion of his sentence, for the firearm specification, was mandatory and the court stated: "you understand I have to send you to prison?"

{¶19} Presuming that the court's failure to make a mandatory sentence advisement and the improper statement in the plea agreement violated Crim.R. 11(C), we must next determine whether such error can be reviewed for prejudice. As the Ohio Supreme Court explained in *Dangler*, reversal is typically warranted for violations of Crim.R. 11(C) only if it results in prejudice to the defendant. However, prejudice need not be demonstrated if the improper advisements involved constitutional aspects of the plea colloquy or where the trial court completely failed to comply with Crim.R. 11(C). 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 14-16. There is no question that there was constitutional compliance here. Further, we do not find a complete failure to comply with Crim.R. 11(C) since advisements relating to the maximum penalty were provided.

{¶20} Under similar circumstances to those present here, a plurality of the Ohio Supreme Court rejected the argument that a defendant need not show prejudice from improper Crim.R. 11 advisements. In *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, the defendant entered guilty pleas to Sexual Battery and related offenses in exchange for dismissal of the remaining counts and an agreed recommended sentence. *Id.* at ¶ 2. During the plea colloquy, the court improperly advised the defendant that his prison sentences were not mandatory. *Id.* at ¶ 4, 9. On appeal, Straley argued that he need not show prejudice "because the trial court's misstatements had the same effect as a

8

complete failure to satisfy Crim.R. 11." *Id.* at ¶ 19. The Supreme Court found that the trial court did not wholly fail to comply with Crim.R. 11(C)(2)(a) and that Straley must show prejudice since the trial court had reviewed the maximum sentences with Straley and he confirmed his understanding of those maximum sentences. *Id.* Here, Burns was advised of the maximum sentence for each offense and indicated his understanding, despite not being advised of the mandatory nature of the sentence for Felonious Assault. Consistent with *Straley*, the court did not *completely* fail to comply with Crim.R. 11(C)(2)(a).

{¶21} Burns cites *State v. Gonzalez*, 9th Dist. Summit No. 29018, 2019-Ohio-4882, for the proposition that a prejudice analysis is unwarranted where a defendant is not advised of a mandatory sentence. In *Gonzalez*, the trial court failed to advise the defendant of the mandatory, consecutive nature of his sentence. *Id.* at ¶ 9. This case is distinguishable from the present matter because the failure to advise of a mandatory consecutive sentence impacts the maximum overall sentence. Here, the maximum sentence was not changed by the mandatory nature of the Felonious Assault term. For this reason, and under the guidance offered by *Straley*, we will proceed to conduct an analysis of whether prejudice occurred.

{¶22} "The test for prejudice is 'whether the plea would have otherwise been made.'" *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 16, quoting *State v. Nero*, 56 Ohio St. 106, 108, 564 N.E.2d 474 (1990). Prejudice must be established "'on the face of the record.'" *Id.* at ¶ 24, quoting *Hayward v. Summa Health Sys./Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 26.

{¶23} Although Burns argues that the mandatory term for Felonious Assault "altered the maximum sentence," he does not explain how this is the case. Whether the term was

9

mandatory did not increase the maximum amount of time he could serve overall. The mandatory nature of the Felonious Assault term did not impact the other, proper advisements made by the court regarding the maximum prison terms that could be served on each of the offenses for which Burns was convicted or the aggregate maximum term.

{¶24} Because there was an agreed sentence of 14-18 years in prison, and where Burns was aware at least some portion of the sentence was mandatory, there is also no reason to conclude that Burns believed he would receive probation or entered a plea with the expectation that he would not receive prison time. He was fully aware that a 14-18 year agreed sentence was likely. *See Straley* at ¶ 17 (the court rejected the defendant's argument that he would not have pled guilty had he known his sentence was mandatory where he was aware of the maximum sentences, he was advised the sentences could be consecutive, and the State recommended the sentences be served consecutively).

{¶25} Burns argues that the failure to advise him of the proper mandatory term he would serve impacted "the time before which Defendant would be eligible to petition for early release." Pursuant to R.C. 2929.20, in the case of a nonmandatory prison term, a defendant can seek release after a specified period of time. For example, had all of his time been nonmandatory, Burns would have been eligible to apply for judicial release after a period of half of his sentence. R.C. 2929.20(C)(1)(e). When a sentence contains a mandatory term of prison combined with nonmandatory terms, the defendant cannot seek judicial release until a specified period of time after the mandatory term is complete. R.C. 2929.20(C)(1)(a)-(d); *State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201, 22 N.E.3d 1082, ¶ 11 ("Ohio law provides that a prisoner cannot apply for judicial release until a period of time 'after the expiration of all mandatory prison terms' in the stated prison sentence"). Burns is correct

that the date he could file for judicial release was impacted by the mandatory nature of the Felonious Assault sentence.

{¶26} "Unless incorporated into a plea agreement, the trial court is not under an obligation to inform a defendant regarding his eligibility for judicial release." *State v. Mitchell*, 11th Dist. Trumbull No. 2004-T-0139, 2006-Ohio-618, ¶ 14. A guilty plea may be found invalid, however, where misinformation is given about judicial release. *State v. Brownlee*, 11th Dist. Lake No. 2022-L-075, 2023-Ohio-1090, ¶ 17. To warrant reversal due to such misinformation, "the defendant must demonstrate that he was prejudiced by the erroneous representation, i.e., that but for the misrepresentation regarding judicial release, he would not have entered the plea." *Mitchell* at ¶ 15.

{¶27} Here, there was no specific advisement given regarding Burns' eligibility for judicial release, apart from the court discussing judicial release in relation to indefinite sentences: "Not that I'm thinking of judicial release, but I'm telling you that judicial release is tied to the aggregate minimum term, not the tail. So you know, you have to wait a certain period of time before you can file for judicial release." While he was not provided a specific misrepresentation about the date of judicial release, as noted above, the lack of an advisement about a mandatory sentence did impact his eligibility date.

{¶28} However, we do not find the record indicates that, but for the failure to advise him of the mandatory sentence and any potential misunderstanding of his eligibility for judicial release, Burns would not have pled guilty. Burns faced a maximum sentence of 28 years and benefited from a recommended sentence of 14-18 years. As a result of his plea, the State dismissed the charge of Attempted Murder. Further, when the second sentencing hearing was held, Burns was advised of the error relating to the mandatory sentence and

11

was given the opportunity to respond but remained silent. He did not choose to withdraw his plea or advance an argument that he was impacted by this error. While Burns argues his silence did not indicate his understanding of this issue as it relates to judicial release, he also did not inquire further about the significance of this advisement or how it impacted him.

{¶29} Burns received the benefit of the sentence he sought and he was never advised that he would receive judicial release, with the court specifically noting that it was not "thinking of judicial release." We do not find this rises to the level of prejudice, similar to the court in *State v. Rudy*, 3d Dist. Allen Nos. 1-22-56, et al., 2023-Ohio-2023. There, the court found that an incorrect explanation of judicial release did not result in prejudice where judicial release was not a term of the plea agreement, the record did not indicate eligibility for judicial release was a consideration and there were justifications leading to the entry of the plea including the agreed sentence recommendation and dismissal of another count. *Id.* at ¶ 19. *See also Mitchell* at ¶ 16 ("[i]f, in fact, Mitchell subjectively held some such belief [that he expected to receive judicial release], there is not evidence of it in the record or that such belief was essential to his decision to plead guilty").

{¶30} Burns also emphasizes that two separate sentencing hearings were held and that, although the court advised him at the second hearing that the sentence was mandatory, this created an inconsistency with the plea agreement. We find no error in holding a "continuation" of the sentencing hearing as the court had not yet entered a final judgment on the sentence. Further, Burns provides no authority for the proposition that the plea agreement being inaccurate warrants further action by this court or the trial court. We find no basis to order the plea form be altered. It is accurate as to the substance of what Burns was aware of when he entered his plea.

12

{¶31} At oral argument, defense counsel indicated that a proper remedy for the alleged error would be either to allow Burns to withdraw his plea or to remand for resentencing. The assignment of error raised in this appeal relates to whether the plea was voluntarily entered rather than to the validity of the sentence itself, although we observe that, in his conclusion, Burns argues that "the sentencing should be reversed" due to the failure to advise Burns of the mandatory nature of the sentence. No argumentation or authority is provided which would give a basis to reverse the sentence. There is no argument that the sentence ultimately ordered and journalized was contrary to law and it was also consistent with the agreed sentence recommended jointly by Burns and the State. The appropriate relief for the error claimed by Burns, if it had merit, would be to vacate his plea. Nonetheless, for the reasons stated above, we find no meritorious argument warranting relief.

{¶32} Finally, Burns argues that trial counsel was ineffective in his representation. Although limited argumentation is presented as to this issue, he indicates that counsel improperly stated that the mandatory nature of the sentence "did not change anything" in relation to the entry of the guilty pleas.

{¶33} To demonstrate ineffective assistance of counsel, a defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶34} As discussed above, we do not find that prejudicial error or an unfair outcome resulted from the entry of Burns' plea without an advisement regarding the mandatory nature

Case No. 2022-L-129

of the Felonious Assault or from the failure to object to it at the second sentencing hearing. As such, even presuming it was unreasonable for counsel not to recognize the error relating to the mandatory sentence, we do not find that it warrants reversal.

{¶35} The sole assignment of error is without merit.

{¶36} For the foregoing reasons, Burns' convictions for Felonious Assault and Having Weapons While Under Disability in the Lake County Court of Common Pleas are affirmed.  Costs to be taxed against appellant.


MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2022-L-129