[Cite as *State v. Glenn*, 2024-Ohio-3052.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JAQUAN M. GLENN,

    DEFENDANT-APPELLANT.

CASE NO. 1-23-67

**O P I N I O N**

Appeal from Allen County Common Pleas Court
Trial Court No. CR2022 0187

**Judgment Affirmed**

**Date of Decision: August 12, 2024**

APPEARANCES:

*Chima R. Ekeh* **for Appellant**

*John R. Willamowski*, *Jr.* **for Appellee**

**MILLER, J.**

{¶1} Defendant-Appellant, Jaquan M. Glenn ("Glenn"), appeals the September 19, 2023 judgment issued by the Allen County Court of Common Pleas concerning his conviction and sentence. He contends that his guilty plea was not knowingly, intelligently, and voluntarily made. He also challenges the mandatory nature of part of his sentence. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶2} The charges against Glenn arose from an incident that resulted in the death of a seventeen-year-old. On July 14, 2022, the Allen County grand jury indicted Glenn on three counts: (1) murder, in violation of R.C. 2903.02(B), with a firearm specification pursuant to R.C. 2941.145(A); (2) aggravated robbery, in violation of R.C. 2911.01(A)(3), with a firearm specification pursuant to R.C. 2941.145(A); and (3) aggravated burglary, in violation of R.C. 2911.11(A)(1), with a firearm specification pursuant to R.C. 2941.145(A). Thus, Glenn was charged with an unclassified felony and two first-degree felonies, along with a firearm specification for each.

{¶3} On September 19, 2023, following negotiations between the parties, Glenn withdrew his former plea of not guilty and tendered a negotiated plea of guilty with the parties making a joint sentencing recommendation to the court. The parties appeared before the trial court and presented their agreement:

THE COURT: … We're here because the Court was notified the parties had reached a plea agreement.

[PROSECUTOR]: Yes, thank you, Your Honor. It is the State's understanding that the Defendant will be entering a guilty plea to an amended count one (1), that count being amended to a count of involuntary manslaughter, a felony of the first degree, with an attached firearm specification. With that, the State would dismiss all remaining charges and specifications. There is an agreed joint recommended sentence of fourteen (14) years in prison and the Defendant will not request judicial release, and we are to proceed directly to sentencing.

THE COURT: Thank you. Mr. Vannoy [Glenn's counsel], is that your understanding as well sir?

[GLENN'S COUNSEL]: It is, Your Honor.

THE COURT: Okay. Mr. Glenn, do you understand what the attorneys are telling me sir?

MR. GLENN: Yes, ma'am.

(Sept, 19, 2023 Tr. at 1-2).

{¶4} The trial court then proceeded to review with Glenn the Negotiated Plea of Guilty form that the parties had completed. Among its other sections and notifications, the form includes sections concerning the offenses to which Glenn tendered his guilty plea, maximum penalties, judicial release, and postrelease control. Above the signatures of Glenn, his counsel, the prosecutor, and the trial court is the following handwritten statement regarding the agreed upon sentence: "14 yrs agreed sentence, not to request judicial release."

Case No. 1-23-67

{¶5} The following exchanges took place between the trial court and Glenn during the hearing:

THE COURT: [Under Third District authority I have to sentence you to a mandatory sentence for involuntary manslaughter], there's other things on appeal though that could get that turned around which would eventually make uh potentially the involuntary manslaughter not mandatory which would open up potential judicial release to you, which is why I tell you that. Right now, there is no potential of judicial release but . . . in the future depending upon how this gets sorted out by the Supreme Court of Ohio, there could be.

. . .

THE COURT: . . . In the time I've been on this bench, I have not gone against an agreement of the parties, I figure if the State and the Defense are comfortable with it, you know far more about the case than I do, I'm gonna do what's recommended of me but there's, potentially I don't have to. Does that make sense to you?

MR. GLENN: Yes, ma'am.

THE COURT: Okay. So now let's flip [the Negotiated Plea of Guilty form] over on the back. And even though you're agreeing not to file for judicial release, I'm still going to explain judicial release to you in case something changes. Particularly if the law changes and says you're eligible. Even though you've agreed not to, I still feel like I need to advise you about judicial release eligibility. What that is, is there's a law in the State of Ohio that allows for someone who is sentenced to prison to ask the court that sentenced them there to let them out earlier than they're supposed to get out. That's why it's called judicial release. How long a sentence you receive though determines when you can ask to be let out early and that also doesn't include mandatory time. So, right now as the law stands here in the Third District of Ohio where Lima is, you would not be eligible for judicial release because your three (3) year firearm spec is mandatory and the involuntary manslaughter charge would be mandatory time. If that law changes, then once your three (3) year firearm specification is done, you could potentially be eligible for judicial release as to the

> time on the involuntary manslaughter conviction, but right now, no. Does that make sense?
>
> MR. GLENN: Yes, ma'am.

(Sept, 19, 2023 Tr. at 5, 8-9). The trial court went on to, once again, acknowledge that the parties had "an agreed sentence of fourteen (14) years and no judicial release." (*Id.* at 15-16). Glenn did not ask any questions during the hearing, although he did answer "Yes, ma'am" or "No, ma'am" to all of the trial court's questions apart from his proper response to the trial court's question about where he was born. Glenn also indicated he had a chance to discuss his case and guilty plea with his counsel. (*Id.* at 15).

{¶6} The trial court accepted Glenn's guilty plea and found him guilty on amended count one, the involuntary manslaughter charge (a first-degree felony) and the firearm specification. The trial court entered convictions for those items, dismissed counts two and three and their attached specifications, and proceeded directly to sentencing. The trial court then sentenced Glenn to a mandatory 11 years minimum, up to a maximum of 16-1/2 years, for the involuntary manslaughter conviction. It also sentenced him to a mandatory three years for the firearm specification—to be served prior to, and consecutive to, the term for the involuntary manslaughter conviction. This resulted in an aggregate prison term of 14 years minimum to a maximum of 19-1/2 years. The trial court again indicated this was "an agreed sentence." (*Id.* at 33).

## II. ASSIGNMENTS OF ERROR

Glenn raises two assignments of error for our review:

**First Assignment of Error**

**The trial court erred in sentencing Defendant-Appellant to a mandatory term of imprisonment on the involuntary manslaughter conviction. (Tr. pg. 24, tab 23; pg. 25, tab 1-2)**

**Second Assignment of Error**

**Defendant-Appellant's plea was not knowingly, intelligently and voluntarily made. (Tr. pg. 17, tab 21-23; pg. 18, tab 1-4)**

## III. DISCUSSION

### A. First Assignment of Error

{¶7} In the first assignment of error, Glenn asks us to reconsider our holding in *State v. Wolfe*, 2022-Ohio-96 (3d Dist.) "and avers that his mandatory sentence on the involuntary manslaughter conviction is contrary to law. (Appellant's Brief at 5). He "concedes that the trial court followed the binding precedent of this Court in imposing a mandatory sentence on the involuntary manslaughter conviction pursuant to *Wolfe*" and "that R.C. 2929.13(F)(8) requires the firearm specification penalty be made mandatory." (*Id.*).

{¶8} *Wolfe* held that, under R.C. 2929.13(F)(8), when a defendant is convicted of committing any felony (with the exception of carrying concealed weapons) while having or controlling a firearm, the court is required to impose a

prison term—not community control sanctions—in addition to the mandatory prison term for any firearm specification. *Wolfe* at ¶ 24. A plea to or conviction of a firearm specification automatically meets the criteria in R.C. 2929.13(F)(8) that triggers a mandatory prison term for the underlying offense. *Id.*

{¶9} Here, the parties *agreed* to a sentence of 14 years in prison. It is undisputed that, in line with the mandate in R.C. 2941.145(A), only three of those years corresponded with the conviction for the attached firearm specification. Thus, Glenn agreed the trial court would impose a prison term for the underlying felony involuntary manslaughter conviction and that he would serve that full term without seeking judicial release. Accordingly, the issue in *Wolfe* is not implicated under the facts presented here, and Glenn cannot complain that the trial court imposed a mandatory prison sentence for the underlying offense. *See also State v. Morris*, 2013-Ohio-1736, ¶ 11 (3d Dist.) ("[i]n discussing jointly recommended sentences, the Ohio Supreme Court has recognized that '[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate'"), quoting *State v. Porterfield,* 2005-Ohio-3095, ¶ 25; R.C. 2953.08(A)(4), (D)(1). It is not necessary for us to address Glenn's argument as it pertains to his sentence because the sentence was imposed as part of a joint sentencing recommendation. Stated differently, Glenn cannot complain our decision in *Wolfe* precludes him from seeking judicial release when

he agreed to forgo filing any judicial release motion as part of his jointly recommended sentence.[1]

{¶10} Regardless, even if this case did implicate the issue in *Wolfe* and properly presented an opportunity for this court to reconsider its holding in *Wolfe*, we decline to do so. After Glenn filed his appeal and appellate brief, this court decided *State v. Peters*, 2023-Ohio-4362 (3d Dist.) and reaffirmed the holding in *Wolfe*. *Peters* at ¶ 85. Here, Glenn pleaded guilty to involuntary manslaughter in violation of R.C. 2903.04(A), a first-degree felony, and the accompanying firearm specification. The trial court did not err in following precedent and imposing a mandatory prison term for the felony involuntary manslaughter conviction.

Glenn's first assignment of error is overruled.

### B.    Second Assignment of Error

{¶11} In the second assignment of error, Glenn argues that, although the trial court properly conducted a Crim.R. 11 plea colloquy, it "misinformed him regarding his future eligibility for judicial release." (Appellant's Brief at 14). "[H]e contends that since his ineligibility for judicial release was incorporated in the plea agreement, and the trial court misinformed him regarding his future eligibility for judicial release, his plea was not intelligently and knowingly made." (*Id.*). According to Glenn, the alleged misinformation "prejudicially impacted" his

---

[1] Glenn does not challenge any other aspects associated with a mandatory sentence.

decision to enter the plea, with a "reasonable probability that, but for the trial court's" alleged misinformation, he would not have pleaded guilty. (*Id*. at 14-15). Therefore, according to Glenn, his plea is invalid, his conviction should be reversed, and this case should be remanded.

### 1. Standard of Review and Applicable Law

{¶12} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179 (1996). "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Id*.

{¶13} "When we are determining whether a guilty plea was entered knowingly, intelligently, and voluntarily, we conduct a de novo review of the record (looking at the totality of the circumstances) to ensure that the trial court complied with the constitutional and procedural safeguards." *State v. Conner*, 2021-Ohio-1769, ¶ 8 (3d Dist.); *see also State v. McGill*, 2020-Ohio-575, ¶ 5, 8, 17-18 (8th Dist.) (rejecting defendant's argument that his plea was not knowingly, intelligently, and voluntarily entered because he did not understand he would forgo eligibility for judicial release pursuant to the terms of his plea agreement). "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he

was prejudiced by that error." *State v. Dangler*, 2020-Ohio-2765, ¶ 13. Generally, to demonstrate prejudice, a defendant must "establish that 'his plea would not have otherwise been made.'" *State v. Rudy*, 2023-Ohio-2023, ¶ 14 (3d Dist.), quoting *Dangler* at ¶ 24. Prejudice must be established on the face of the record. *Dangler* at ¶ 24.

**{¶14}** Criminal Rule 11(C) "governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *State v. Veney*, 2008-Ohio-5200, ¶ 8. The rule at subsection (C)(2) directs trial courts to engage with the defendant in a colloquy, which "is designed to ensure that a plea is knowingly, intelligently, and voluntarily made." *State v. Sessom*, 2024-Ohio-130, ¶ 24 (3d Dist.). "Crim.R. 11 does not require a court to inform a defendant that he or she is ineligible for judicial release unless that condition is incorporated into the plea agreement." *State v. Duncan*, 2018-Ohio-1511, ¶ 4 (8th Dist.) (Stewart, J.); *see also* Crim.R. 11(C)(2).

**{¶15}** However, if the trial court does embark on a discussion regarding the applicability of judicial release, a plea may be invalidated if the trial court gives a defendant *misinformation* regarding judicial release and the defendant is induced to enter the plea by that misinformation. *Rudy* at ¶ 18-19; *see also State v. Williams*, 2020-Ohio-4467, ¶ 24 (8th Dist.) ("a plea may be invalidated if a defendant shows that he or she was given *misinformation* regarding judicial release that prejudicially

impacted his or her decision to enter a plea" [emphasis in original]). "The rationale behind the principle is '[w]hen a defendant is induced to enter a guilty plea by erroneous representations as to the applicable law, the plea has not been entered knowingly and intelligently.'" *Rudy* at ¶ 18, quoting *State v. Mitchell*, 2006-Ohio-618, ¶ 15 (11th Dist.). "Yet, 'misinformation regarding judicial release does not always invalidate the plea.'" *Id.*, quoting *State v. Robinson*, 2018-Ohio-4863, ¶ 25 (8th Dist.).

### 2. Analysis

{¶16} In accordance with the standards set forth above, we will not reverse Glenn's conviction. Here, Glenn admits the trial court properly conducted the plea colloquy pursuant to Crim.R. 11(C)(2). In addition to Glenn indicating at the hearing he understood the plea included "an agreed joint recommended sentence of fourteen (14) years in prison and [he] will not request judicial release," the trial court properly informed Glenn during the plea colloquy that he was agreeing not to file for judicial release. (Sept. 19, 2023 Tr. at 1-2, 8, 15-16).

{¶17} Regardless of any potential misinformation or confusion that may have allegedly been created by the trial court's discussion of scenarios involving eligibility for judicial release, there is nothing in the record indicating that Glenn would not have entered his plea had the trial court never made the alleged misrepresentations. *Dangler*, 2020-Ohio-2765, at ¶ 24. We find nothing in the

record to indicate he was induced to enter the plea by those alleged misrepresentations. On the contrary, the record shows he would have entered the guilty plea whether or not the trial court made the statements at issue. For example, Glenn faced significantly more prison time under the murder charge and two first-degree felonies charges than he faced without the plea deal. Significantly, Glenn indicated both orally at the hearing and in writing that he understood his plea agreement included not requesting judicial release. Additionally, the trial court indicated during the hearing that the sentence to be imposed was the sentence agreed to by the parties and the court would adopt the recommended sentence, and Glenn did not ask any questions during the plea colloquy or make any statement concerning judicial release. *E.g., Robinson*, 2018-Ohio-4863, at ¶ 31 (8th Dist.) (although the trial court provided misinformation concerning defendant's eligibility for judicial release and defendant "maintain[ed] that he would not have entered into his plea if he had known that he was not eligible for judicial release, the record belie[d] his claim"—including the significant difference between the possible penalties with the plea agreement versus without); *Mitchell*, 2006-Ohio-618, at ¶ 9-11, 15-16 (11th Dist.).

{¶18} Glenn's assertion that "there is a reasonable probability that, but for the trial court's [alleged] misstatements regarding his potential eligibility for judicial release, Glenn would not have pled guilty" is unsupported. The record does

not indicate Glenn relied on the alleged misstatements in deciding to enter his guilty plea. Thus, even if an error occurred in the trial-court proceedings, Glenn has not established that he was prejudiced by that error. *See Dangler*, 2020-Ohio-2765, at ¶ 13; *Rudy*, 2023-Ohio-2023, at ¶ 19 (even assuming the trial court made misrepresentations regarding judicial release, defendant was not "induced to enter his plea because of the statements or was prejudiced by them").

{¶19} Glenn's second assignment of error is overruled.

## IV. CONCLUSION

{¶20} For the foregoing reasons, Glenn's assignments of error are overruled. Having found no error prejudicial to the appellant in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

*Judgment Affirmed*

**ZIMMERMAN and BALDWIN, J.J., concur.**

**/jlm**

**\*\* Judge Craig R. Baldwin of the Fifth District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**